## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

Case No. SACV 10-0300 DOC (MLGx)                                   Date: June 11, 2012

Title: ETAGZ, INC. V. QUIKSILVER, INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                  Not Present
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

PROCEEDING (IN CHAMBERS):  DENYING MOTION TO DISMISS

Before the Court is a Motion to Dismiss Etagz' Patent Infringement Cause of Action That Relies Upon Patent Claims That Were Added During Reexamination For Lack of Subject Matter Jurisdiction filed by Defendant and Counter-Claimant Quiksilver, Inc. (Docket 71) (the "Motion").The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court DENIES the Motion.

### I. BACKGROUND

Plaintiff and Counter-Claim Defendant Etagz, Inc. ("Plaintiff") filed suit against Defendant and Counter-Claimant Quiksilver, Inc. ("Defendant") asserting willful infringement of Plaintiff's United States Patent No. 6,298,332 ("332 Patent"), entitled "CD-Rom Product Label Apparatus and Method." According to the patent registration, the "primary object" of the 332 Patent is to "provide a compact disc product label providing a link back from the purchaser to the vendor." *See* Docket 56, Order Granting Motion to Lift Stay. Originally, Plaintiff alleged that Defendant infringed Claim 16 of Patent 332 when Defendant sold boardshorts that included, as a free giveaway, a surf DVD attached to the shorts. *Id.* Defendant stopped selling the allegedly infringing boardshorts in 2010 and represents that it has no plans to sell the boardshorts in the future. *See* Motion, 2; Milstein Decl., ¶ 2.

On November 22, 2010 this Court granted Defendant's Motion to Stay the Case pending

MINUTES FORM 11 DOC                          Initials of Deputy Clerk: jcb
CIVIL - GEN                                  Page 1 of 4

the outcome of the PTO's reexamination of the 332 Patent. *See* Docket 56. During that reexamination, Claim 16 (as well as Claim 11) were rejected and Plaintiff has agreed never to assert those claims against Defendant. *See* Docket 63, Rule 26(f) Report ("Rule 26(f) Report"), 2. On February 21, 2012, the stay was lifted and the case was returned to active status.

Plaintiff now asserts infringement of Claims 1 and 26, which have always been in the 332 Patent but were not originally asserted by Plaintiff, as well as Claims 29, 31, 37, and 47, which are new claims added to the 332 Patent during reexamination. *See* Finkelstein Decl, Exh. D, at p.5.; Motion, 2; Opposition, 8. Defendant brings the present motion seeking only to dismiss the newly added claims based on the doctrine of absolute intervening rights.

## II. DISCUSSION

As an initial matter, the parties dispute the proper form of Defendant's present Motion. Plaintiff argues that Defendant's arguments should be pursued in the form of a motion for partial summary judgment, while Defendant asserts that it was correct in framing the issue as a motion to dismiss for lack of subject matter jurisdiction. The Court need not resolve this dispute because Defendant's Motion is premature regardless of whether it is framed as a motion to dismiss or a motion for partial summary judgment.[1]

In terms of the substance of Defendant's argument, Defendant asserts that it has absolute intervening rights with respect to the claims added during reexamination. "Absolute intervening rights provide 'an accused infringer with the absolute right to use or sell a product that was made, used, or purchased before the grant of the reissue patent as long as this activity does not infringe a claim of the reissue patent that was in the original patent.'" *Visto Corp. v. Sproqit Technologies, Inc.,* 413 F. Supp. 2d 1073, 1089 (N.D. Cal. 2006) (quoting *BIC Leisure Products, Inc. v. Windsurfing Inter., Inc.,* 1 F.3d 1214, 1220 (Fed. Cir. 1993)). Pursuant to this doctrine, under 35 U.S.C. §§ 252 and 307, when claims in a patent are cancelled or amended after PTO reexamination, a patentee can only recover for infringement occurring prior to the resolution of the reexamination if the amended claims are substantially identical to

---

[1]At least one court has held that a motion to dismiss is not the proper vehicle for the substantive assertion that a reexamination proceeding substantively changed the scope of the claims. *See Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.,* No. 99-1356 JRT/FLN, 2007 WL 3237622, at *3 (D. Minn. Oct. 30, 2007) (if the scope of a patent was changed, it merely bars damages but does not divest the court of subject matter jurisdiction, such that a motion to dismiss for lack of subject matter jurisdiction is not the appropriate vehicle). This Court is also aware of no case to address this issue in the context of anything other than a motion for summary judgment. Because Defendant's argument is premature at the present time and requires further discovery and claim construction, it seems logical that it should typically take the form of a summary judgment motion.

the original claims. *Bloom Engineering Co., Inc. v. North American Mfg. Co., Inc.,* 129 F.3d 1247, 1249-50 (Fed. Cir. 1997) (the scope of the claims must be the same after reissue or else the patent cannot be enforced against infringing activity that occurred before the issuance of the reexamination certificate); *see also* 35 U.S.C. § 252 ("[I]n so far as the claims of the original and reissued patents are substantially identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent."); *id.* at § 307(b) (applying § 252 to claims amended during a reexamination proceeding).

The dispositive issue is thus whether the original claims and the new claims are legally identical. Unfortunately, "[t]here is no absolute rule for determining whether an amended claim is legally identical to an original claim," although "[a]n amendment that clarifies the text of the claim or makes it more definite without affecting its scope is generally viewed as identical for the purpose of § 252. *Bloom,* 129 F.3d at 1249. "Identical" has also been held to mean "without substantive change." *DuVal Wiedmann, LLC v. InfoRocket.com, Inc.,* 620 F.3d 496, 504 (5th Cir. 2010); *see also Laitram Corp. v. NEC Corp.,* 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("Reexamined claims are 'identical' to their original counterparts if they are 'without substantive change.'") (internal citations omitted).

The Federal Circuit has held that "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment." *Laitram,* 163 F.3d at 1348. Despite this presumption, however, the Federal Circuit has rejected any *per se* rule and instructed courts to analyze the issue of whether claims are identical through "an overall examination of the written description, the prosecution history and the language of the respective claims." *Id.; see also Bloom,* 129 F.3d at 1250 ("Determination of whether a claim change during reexamination is substantive requires analysis of the scope of the original and reexamined claims in light of the specification, with attention to the references that occasioned the reexamination, as well as the prosecution history and any other relevant information."); *Dey, Inc. v. Sepracor, Inc.,* – F. Supp. 2d –, 2012 WL 678175, at *11 (S.D.N.Y. Mar. 1, 2012) ("Ultimately, the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented and intended to envelop with the claim."). Courts are thus tasked with undergoing an intensive analysis of the scope of the original and amended claims before ruling on whether they are legally identical.

As such, the present Motion is premature. Numerous courts have held that the inquiry of whether two claims are identical should not occur until after formal claim construction. This Court agrees. In *Sorensen v. Emerson Elec. Co.,* for example, the court held that "[t]he process for determining whether there is a substantive change between the pre- and post-reexamination versions of a patent claim requires the Court to perform the same type of analysis as when resolving a typical claim construction dispute." Nos. 08cv0060 BTM (CAB), 08cv0070, 08cv0305, 2011 WL 6752559, at*5 (S.D. Cal. Dec. 22, 2011). Consequently, the *Sorensen* court held that it must wait to determine the proper construction of claims at issue in the pre- and post-reexamination context until after the benefit of full claim construction proceedings. *Id.* at *7. Similarly, in *StemCells, Inc. v. Neuralstem, Inc.,* the defendant moved the court to

"interpret the reexamined claims of the four patents at issue as substantially different from the original claims, based on a plain reading of the language within the claims" in order to limit its liability for damages." No. AW-06-1877, 2009 WL 3681653, at *3 (D. Md. Oct. 30, 2009). The *StemCells* court found defendant's motion premature at an early stage of litigation and chose not to engage in claim construction of complex technology before further discovery and guidance from experts. *Id.*; *see also Atlantic Const. Fabrics, Inc. v. Metrochem, Inc.,* No. C03-5645 BHS, 2008 WL 4189376, at *4 (W.D. Wash. Sept. 5, 2008) (vacated on other grounds) ("Defendants' request that the Court not only construe the original claim but also construe the amended claim and then compare those constructions to determine whether there has been a narrowing amendment is premature. Defendants have provided no explanation for how the Court should consider the amended an 'additional limitation' when the Court neither has knowledge of the original limitations nor has engaged in the construction of claim 10 to determine, as a matter of law, its original limitations.").

Defendant here makes a similar request as the *StemCells* defendant and shall meet with the same result. Defendant's contention that "even a cursory comparison of the new claims demonstrates that they are not substantially identical to the original claims" is directly contrary to the Federal Circuit's mandate for courts to engage in a thorough examination. Motion, 4.  The Court will not rely on a "plain language" reading, as Defendant suggests, when it has no background knowledge of the scope of either the original or newly amended claims.

Defendant is correct in asserting that the issue of whether amended claims are identical in scope is a question of law reserved exclusively for the court. *See eBay Inc. v. PartsRiver, Inc.,* Nos. C 10-04947 CW, C 10-05106 CW, C 10-05108 CW, 2011 WL 1754083, at *3 (N.D. Cal. May 9, 2011) (citing *Laitram,* 163 F.3d at 1346-47)). Merely because an issue is a matter of law, however, does not mean that it is not dependent upon the underlying facts. In fact, it is quite the opposite. Here, the Court not only lacks undisputed facts; it lacks any facts whatsoever. The Court has nowhere near enough information to make a ruling on the legal distinctions, if any, between the amended and original claims in the case at bar. Defendant has only provided the Court with its own interpretation of the plain language of the claims. That is not sufficient to meet its burden under the legal standard of any motion. Defendant is free to raise this issue at a later stage of litigation, after the Court has the benefit of a full claim construction hearing.

### III. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.