UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 10-0300 DOC (MLGx)             Date: July 3, 2012

Title: ETAGZ, INC. V. QUIKSILVER, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING MOTION TO PRECLUDE AMENDMENT [79]**

     Before the Court is a Motion to Preclude Etagz from Amending its Infringement Contentions to Add Claims That Were Originally in the Asserted Patent filed by Defendant Quiksilver, Inc. (the "Motion"). The Court finds this matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion.

**I.    Background**

     Plaintiff and Counter-Claim Defendant Etagz, Inc. ("Plaintiff") filed suit against Defendant and Counter-Claimant Quiksilver, Inc. ("Defendant") asserting willful infringement of Plaintiff's United States Patent No. 6,298,332 ("332 Patent"), entitled "CD-Rom Product Label Apparatus and Method." According to the patent registration, the "primary object" of the 332 Patent is to "provide a compact disc product label providing a link back from the purchaser to the vendor." *See* Docket 56, Order Granting Motion to Lift Stay. Plaintiff alleged that Defendant violated the 332 Patent when it sold boardshorts that included, as a free giveaway, a surf DVD attached to the shorts. *Id.* Defendant stopped selling the allegedly infringing boardshorts in 2010 and represents that it has no plans to sell the boardshorts in the future. *See* Milstein Decl., ¶ 2.

     In a May 2010 response to Defendant's interrogatory, Plaintiff alleged that Defendant only infringed Claim 16 of Patent 332. Motion, Exh. E. The fact discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0300-DOC (MLGx)                    Date: July 3, 2012
                                                    Page 2

cut-off in the Scheduling Order was December 17, 2010. On November 22, 2010, a few weeks before the fact discovery cut-off, this Court granted Defendant's Motion to Stay the Case pending the outcome of the PTO's reexamination of the 332 Patent. *See* Docket 56. Plaintiff did not update its discovery responses at any point to allege the infringement of any other claims in the 332 Patent.

During the PTO reexamination, Claim 16, as well as Claim 11, were rejected and Plaintiff has agreed never to assert those claims against Defendant. *See* Docket 63, Rule 26(f) Report ("Rule 26(f) Report"), 2. On February 21, 2012, the stay was lifted and the case was returned to active status.

Plaintiff now asserts infringement of Claims 1-10 and 26-28, which have always been in the 332 Patent, but were not originally asserted by Plaintiff, as well as Claims 29, 31, 37, and 47, which are new claims added to the 332 Patent during reexamination. Motion, Exh. J. Defendant now challenges the addition of claims that were always present in the 332 patent.

## II.    Legal Standard

Rule 26(e) requires a party who has responded to an interrogatory to supplement its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to comply with Rule 26(e), the party may not use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the party facing sanctions to prove harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001); *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008).

## III.   Discussion

Here, Plaintiff has not met its burden of showing that the failure to supplement its discovery response was substantially justified or harmless.

First, there is no substantial justification for waiting until the present time to add claims that have always been present in the 332 Patent. Plaintiff points to its change of counsel "well after the Complaint was filed and shortly before the initial fact discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0300-DOC (MLGx)                                  Date: July 3, 2012
                                                                 Page 3

deadline." Opposition, 8-9. This argument is not well-taken, as Plaintiff's local counsel was appointed before Plaintiff's interrogatory response (Docket 36) and Plaintiff's Utah counsel was appointed in July (Docket 51), more than four months before the case was stayed. There is thus no reason that Plaintiff's change of counsel should have contributed to its failure to update its interrogatory responses.

Plaintiff also seems to argue that because this Court permitted Plaintiff to set a date by which it must have supplemented its discovery responses, the Court has somehow "preapproved" the addition of the claims in question. There is no such presumption that results from the simple setting of a deadline at a scheduling conference. The Court is permitting other of Plaintiff's newly added claims to proceed - the claims that were newly added during reexamination - but because Plaintiff could have asserted these preexisting claims earlier and because their addition has not been shown harmless, Plaintiff is precluded from their inclusion. Plaintiff has not shown that the delay in updating its discovery response was substantially justified.

Second, Plaintiff has also failed to demonstrate that the addition of claims to its interrogatory response would be harmless. Had Plaintiff amended its discovery response in a timely manner, Defendant might have changed its discovery strategy and its invalidity research and analysis. Defendant may also have attempted to place the newly asserted claims into reexamination had it known that Plaintiff was alleging their infringement. Plaintiff argues that "Defendant has not articulated any prejudice it will suffer by virtue of the assertion of these claims." Opposition, 8. Unfortunately, for Plaintiff, the burden does not fall on Defendant to articulate its prejudice but rather on Plaintiff to demonstrate that the addition of the claims in question would be harmless. *Torres,* 548 at 1213. Plaintiff's conclusory assertion that Defendant has plenty of time before fact discovery expires in less then two months is not sufficient to meet its burden.

### IV.     Disposition

For the aforementioned reasons, Defendant's Motion is hereby GRANTED.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk: jcb